FILED

**NOT FOR PUBLICATION**

JUL 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>HONG LEE WONG, AKA William Wong,<br><br>        Defendant - Appellant. | No. 14-10276<br><br>D.C. No. 3:12-cr-00578-SI-2<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>NGOC DUONG, AKA Danny Duong,<br><br>        Defendant - Appellant. | No. 14-10294<br><br>D.C. No. 3:12-cr-00578-SI-1 |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted July 7, 2015

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Duong and Wong each were convicted of wire fraud and aggravated identity theft, receiving sentences of thirty and twenty-eight months' imprisonment, respectively. The district court held Wong and Duong jointly liable to Cheery Way for $166,781.31 in restitution. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

Wong argues that the district court erred in instructing the jury that it could infer that Wong knew the Six Flags project was a fraud from evidence that Wong was deliberately ignorant of that fact. The instruction was proper. This court held long ago and recently reaffirmed that deliberate ignorance satisfies the knowledge element of a federal offense. *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc); *United States v. Jewell*, 532 F.2d 697, 702–04 (9th Cir. 1976) (en banc). We see no reason to treat the knowledge element of the wire fraud statute differently from other federal offenses. *See, e.g.*, *United States v. McDonald*, 576 F.2d 1350, 1358 (9th Cir. 1978).

2

II

Wong argues that the evidence introduced at trial is insufficient to permit a rational inference that Wong actually knew of the Six Flags project's fraudulent nature. Duong testified that Wong asked Duong to prepare the fraudulent contract with the City of New Orleans. This testimony, viewed in the light most favorable to the Government, is alone sufficient to permit a reasonable juror to conclude that Wong knew the Six Flags project was fraudulent. *See United States v. Arnt*, 474 F.3d 1159, 1162 (9th Cir. 2007).

III

Wong argues that the district court abused its discretion in holding Wong and Duong jointly and severally liable for restitution, rather than apportioning the amount according to Wong's and Duong's respective roles in the Six Flags scheme. But the district court found that both Wong and Duong participated in the scheme to an extent sufficient to hold both liable for the full amount. The record supports this finding: Wong brought Cheery Way to the project and communicated with its principals in Cantonese, a language in which Duong is not proficient. The district court acted within its discretion. *See United States v. Booth*, 309 F.3d 566, 576 (9th Cir. 2002).

IV

Duong argues that the district court abused its discretion in admitting evidence that Duong engaged in uncharged misconduct in the context of a relationship with a business partner under Rule 404(b) of the Federal Rules of Evidence. According to Duong, the district court improperly admitted evidence of Duong's misconduct to show bias.

The district court did not abuse its discretion in admitting testimony that Duong and his business partner, a government witness, were embroiled in unrelated civil litigation as evidence of the partner's potential bias against Duong. *See United States v. Harris*, 185 F.3d 999, 1008 (9th Cir. 1999). The court admitted Duong's misconduct itself to show that Duong was capable of persuading his business partner to remain in the relationship despite Duong's malfeasance—a theory that Duong does not challenge in his opening brief. And the district court not only properly weighed the potential prejudicial effect of Duong's misconduct against its probative value, but narrowly limited the scope of the evidence as a result.

Finally, even if the court erred, any error was harmless because Duong admitted to the jury that he falsified a contract with the City of New Orleans and, together with Wong, used that fraudulent document to induce Cheery Way to

continue to deal with them.

## V

Duong argues that the district court erred in instructing the jury to consider "evidence that the defendants committed other acts not charged here" for "its bearing, if any, on the question of the defendants' intent and/or knowledge." According to Duong, the district court did not admit any evidence under Rule 404(b) to show intent or knowledge. Duong is mistaken. Before trial, the district court permitted the Government to introduce testimony that Wong attempted to sell Six Flags scrap metal to another buyer after Cheery Way withdrew. The court ruled that this testimony was admissible as evidence of Wong's intent or knowledge, and the Government presented this testimony at trial. Accordingly, the district court not only had discretion to instruct the jury to consider this evidence for its bearing on the defendants' intent and/or knowledge, but was required to do so. Fed. R. Evid. 105; *United States v. Bradshaw*, 690 F.2d 704, 709–10 (9th Cir. 1982).

## VI

Duong argues that misuse of a person's name alone, without other identifying information, is insufficient to support a conviction of aggravated identity theft. Both the relevant statutory text and this court's case law belie

5

Duong's argument.  The offense of aggravated identity theft rests on the unauthorized use of "a means of identification of another person."  18 U.S.C. § 1028A(a)(1).  A "means of identification" is "any *name* or number that may be used, *alone* or in conjunction with any other information, to identify a specific individual."  18 U.S.C. § 1028(d)(7) (emphasis added); *see also United States v. Blixt*, 548 F.3d 882, 886 (9th Cir. 2008) (holding that "forging another's signature constitutes the use of that person's name and thus qualifies as a 'means of identification' under 18 U.S.C. § 1028A").

**AFFIRMED.**